## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## CHAMPAIGN DIVISION

| | | |
|---|---|---|
| REBECCA KISTLER RAMEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 2:24-cv-2194 |
| BOARD OF EDUCATION OF | ) | |
| CHAMPAIGN UNIT 4 SCHOOL | ) | |
| DISTRICT; Dr. SHELIA E. BOOZER, in her | ) | |
| Individual Capacity;  KENNETH L. | ) | |
| KLEBER, in his Individual Capacity; and Dr. | ) | |
| LAURA TAYLOR, in her Individual | ) | |
| Capacity; | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

NOW COMES Plaintiff Rebecca Kistler Ramey ("Plaintiff"), by and through her attorney Ronald S. Langacker of Langacker Law, and pursuant to Federal Rule of Civil Procedure 15(a)(2), respectfully moves this Court for leave to file her First Amended Complaint. In support of this motion, Plaintiff states as follows:

1. Plaintiff filed her initial Complaint in this matter on August 13, 2024. Pursuant to the Court's scheduling order, the parties may amend their pleadings on or before March 14, 2025 [Dkt #12].

2. Plaintiff seeks leave to file the First Amended Complaint in order to incorporate a perfected Charge of Discrimination filed with the Illinois Department of Human Rights (Charge No. 2025SF0343) and jointly filed with the EEOC (Charge No. 21BA41496) on September 24, 2024. Plaintiff received the "Right to Sue" letter from the EEOC in Charge No. 21BA41496 on January 30, 2025, and is amending the Complaint to incorporate the charges therein.

3. A copy of the proposed First Amended Complaint is attached hereto as Exhibit 1.

4. Federal Rule of Civil Procedure 15(a)(2) states that a party may amend its complaint with leave of the court, and that "[t]he court should freely give leave when justice so requires."

5. Pursuant to the Court's scheduling order, Plaintiff files this Motion well in advance of the of March 14, 2025, deadline for seeking leave to amend.

6. The amendments to the First Amended Complaint are as justice requires and will better allow pleadings to conform to the evidence as is proper under Federal Rule of Civil Procedure 15.

WHEREFORE, Plaintiff respectfully requests that the Court grant leave for Plaintiff to file her First Amended Complaint.

REBECCA KISTLER RAMEY,
PLAINTIFF

By: /s/Ronald S. Langacker
Ronald S. Langacker
Attorney for Plaintiff

Ronald S. Langacker, #6239469
Attorney for Plaintiff
Langacker Law, Ltd.
210 N. Broadway Ave.
Urbana, Illinois 61801
(217) 954-1025
ron@langackerlaw.com

2

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**CHAMPAIGN DIVISION**

| | | |
|---|---|---|
| **REBECCA KISTLER RAMEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 2:24-cv-2194** |
| **BOARD OF EDUCATION OF** | ) | |
| **CHAMPAIGN UNIT 4 SCHOOL** | ) | |
| **DISTRICT; Dr. SHELIA E. BOOZER, in her** | ) | |
| **Individual Capacity;  KENNETH L.** | ) | |
| **KLEBER, in his Individual Capacity; and Dr.** | ) | |
| **LAURA TAYLOR, in her Individual** | ) | |
| **Capacity;** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

The undersigned attorney of record hereby certifies that on March 14, 2025, he electronically filed the foregoing **Motion for Leave to File First Amended Complaint** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Caroline K. Kane (ARDC No. 6324144)
ckk@franczek.com
Tracey L. Truesdale (ARDC No. 6207891)
tlt@franczek.com
Hailey M. Golds (ARDC No. 6312907)
hmg@franczek.com
Franczek P.C.
300 South Wacker Drive, Suite 3400
Chicago, IL 60606
(312) 986-0300

Ronald S. Langacker, #6239469
Langacker Law, Ltd.
210 N. Broadway Ave.
Urbana, Illinois 61801
(217) 954-1025
ron@langackerlaw.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**CHAMPAIGN DIVISION**

| | | |
|---|---|---|
| **REBECCA KISTLER RAMEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No.** |
| **BOARD OF EDUCATION OF** | ) | |
| **CHAMPAIGN UNIT 4 SCHOOL** | ) | |
| **DISTRICT; Dr. SHEILA E. BOOZER, in her** | ) | |
| **Individual Capacity; KENNETH L.** | ) | |
| **KLEBER, in his Individual Capacity; and** | ) | |
| **Dr. LAURA TAYLOR, in her Individual** | ) | **JURY TRIAL** |
| **Capacity;** | ) | **DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COMES Plaintiff, Rebecca Kistler Ramey, by and through her attorney, Ronald

S. Langacker of Langacker Law, Ltd., and for her First Amended Complaint against Defendants,

Board of Education of Champaign Unit #4 School District ("Champaign Unit #4 School District"

or "School District"); Dr. Sheila E. Boozer, in her individual capacity; Kenneth L. Kleber, in his

individual capacity; and Dr. Laura Taylor, in her individual capacity; hereby states as follows:

**NATURE OF THE ACTION**

1. This action is brought to remedy unlawful discrimination practices and retaliation as stated

under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*; and for

redress for violations of Plaintiff's right of freedom of familial association through the First

and/or Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983.

Plaintiff seeks injunctive relief including but not limited to: back pay and reinstatement to her

# EXHIBIT 1

prior position, other make-whole relief, compensatory damages, and punitive damages against Defendants. Plaintiffs seek declaratory and injunctive relief as well as damages.

## <u>JURISDICTION AND VENUE</u>

2. Plaintiff has exhausted all administrative remedies prior to bringing this lawsuit.

    a. <u>March 11, 2024 Charge of Discrimination</u>

        i. Plaintiff filed a perfected Charge of Discrimination with the Illinois Department of Human Rights ("IDHR") in Charge No. 2024SF1401, on March 11, 2024 (Exhibit A). Plaintiff jointly filed her Charge with the Equal Employment Opportunity Commission ("EEOC") in EEOC Charge No. 21BA40709.

        ii. Plaintiff requested and received a "Notice of Opt-Out of IDHR's Investigative and Administrative Process, and of Right to Commence and Action in Circuit Court" notice from the IDHR on May 15, 2024 (Exhibit B).

        iii. Plaintiff received a "Right to Sue" letter from the EEOC on July 18, 2024 (Exhibit C).

    b. <u>June 25, 2024 Charge of Discrimination</u>

        i. Plaintiff filed a second perfected Charge of Discrimination with the IDHR in Charge No. 2024SF2451, on June 25, 2024 (Exhibit D). Plaintiff jointly filed her Charge with the EEOC in Charge No. 21BA41211.

        ii. Plaintiff requested and received a "Notice of Opt-Out of IDHR's Investigative and Administrative Process, and of Right to Commence and Action in Circuit Court" notice from the IDHR on July 17, 2024 (Exhibit E).

        iii. Plaintiff received a "Right to Sue" letter from the EEOC on July 18, 2024 (Exhibit F).

    c.   <u>September 24, 2024 Charge of Discrimination</u>

        i.   Plaintiff filed a perfected Charge of Discrimination with the Illinois Department of Human Rights ("IDHR") in Charge No. 2025SF0343, on September 24, 2024 (Exhibit G). Plaintiff jointly filed her Charge with the Equal Employment Opportunity Commission ("EEOC") in Charge No. 21BA41496.

       ii.   Plaintiff received a "Right to Sue" letter from the EEOC on January 30, 2025. (Exhibit H).

3. The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, Section 1391(b), since the Defendants engaged in their official activities within the judicial district of this Court and the claims giving rise to the above-captioned proceeding did occur within the judicial district of this Court.

## **PARTIES**

4. Plaintiff, Rebecca Kistler Ramey ("Rebecca" or "Plaintiff"), was, at all relevant times herein, employed with the Champaign Unit #4 School District, and currently resides within this judicial district. Plaintiff is a protected party under the Illinois Human Rights Act, 775 ILCS 5/1-102 *et seq*, due to her sexual orientation and marital status, and Title VII due to her sexual orientation.

5. Defendant, the Board of Education of Champaign Community Unit #4 School District ("School District") is a municipal corporation organized and existing under the laws of the State of Illinois.

6. Pursuant to Section 10-10 of the Illinois School Code (105 ILCS 5/10-10), the Board is the duly constituted and elected governing body of the School District. The School District is located in

within the judicial district in Champaign County, Illinois.

7. Defendant, Champaign Community Unit #4 School District has employed Defendant Dr. Sheila E. Boozer ("Dr. Boozer") as Superintendent at all times material to this action. She is named in this proceeding both in his individual and, for the purpose of implementing equitable relief, her official capacities.

8. Defendant Champaign Community Unit #4 School District has employed Defendant Kenneth L. Keber ("Kleber") as Assistant Superintendent of Human Resources and Organizational Effectiveness at all times material to this action. He is named in this proceeding both in his individual and, for the purpose of implementing equitable relief, his official capacities.

9. Defendant Champaign Community Unit #4 School District has employed Defendant Dr. Laura Taylor ("Dr. Taylor") as an Assistant Superintendent at all times material to this action. She is named in this proceeding both in her individual and, for the purpose of implementing equitable relief, her official capacities.

## ALLEGATIONS COMMON TO ALL COUNTS

### A. "The Beating Heart of BTW"

10. Plaintiff, Ms. Rebecca Kistler Ramey, was hired by the Champaign Unit 4 School District as the Assistant Principal for Booker T. Washington STEM Academy ("BTW") in August of 2019.

11. During her time at BTW, Rebecca was considered to be the "Beating Heart" of the elementary school.[1]   BTW's PTO President, Shawna den Otter, stated that Rebecca was "the principal who got called when kids were struggling" and who "was fun and happy and knew all 380

---

[1] D'Alessio, Jeff, *BTW without Ramey is just a building. She was the beating heart.* The News-Gazette, 10 August 2024. https://www.news-gazette.com/news/btw-without-ramey-is-just-a-building-she-was-the-beating-heart/article_1ab0d928-5682-11ef-9344-2722efd85192.html

4

[children] by name, but even when they were 'in trouble' they knew she still loved them."[2] Rebecca had spent the past five years "making the students feeling known and seen, loved and protected" according to BTW parent Kris Elwell.[3]

12. Since March 13, 2023, Rebecca Kistler Ramey has been married to Diana Kistler Ramey ("Diana"), who at all relevant times therein, was employed at Booker T. Washington Elementary School as a First-Grade Teacher.

13. As a teacher, Diana was a member of the Champaign Federation of Teachers ("CFT") Union. Rebecca was not a member of the bargaining unit, as she was part of the Administration team at BTW.

14. District Administration, including Dr. Boozer, were aware that Rebecca and Diana are married and in a same-sex relationship.

**B. Booker T. Washington STEM Academy**

15. Booker T. Washington Elementary School first opened in Champaign County in 1952[4]. In 2011, the school was redesigned as Booker T. Washington STEM Academy ("BTW"). *Id.*

16. BTW is located on the north side of the City of Champaign and serves a majority Black student population. According to the 2023 data from the Illinois State Board of Education, as of 2023, the racial/ethnic diversity enrollment at BTW was 13.2% White, 66.8% Black, 9.6% Hispanic, 4.9% Asian, and 5.5% two or more racial/ethnic groups.[5]

17. The City of Champaign's "Community Gun Violence Reduction Blueprint" identified the areas surrounding BTW as areas with a "minority-majority" populations as well as areas

---

[2] *Id.*
[3] *Id.*
[4] "Booker T. Washington School." *Champaign County African American Heritage Trail*. https://ccafricanamericanheritage.org/trail-stop/booker-t-washington-school/.
[5] "Booker T. Washington STEM Academy." *Illinois State Board of Education*. https://www.illinoisreportcard.com/.

where the median household income is 75% below the city-wide median income.[6] Those same areas were identified in the Report as areas with high incidents of gun violence. *Id.*

18. During the February 15, 2022 Champaign City Council Meeting, the City Council passed Council Bill 2022-019 "A Resolution Adopting a Council Policy Regarding Community Gun Violence Reduction Blueprint and Codifying Such Policy (Equity and Engagement Department)." Among other items, the Resolution provided approximately $526,620.00 dollars of American Rescue Plan Act funding to the Champaign Unit 4 School District to help combat gun violence.

19. However, the Champaign Unit 4 School District did not take any steps to access or utilize those funds to curb gun violence. According to the News-Gazette, Dr. Boozer stated that "[…D]ata revealed that the most pressing needs for a large majority of students included more academic and social and emotional support."[7]

### C. September 14, 2023, Shooting and District Response

20. At approximately 2:50 p.m. on September 14, 2023, gunshots were fired in the street in front of BTW while students were outside at extra recess. Rebecca, Diana, and BTW Principal Jamie Roundtree took immediate action to secure the safety of the students and the school. Luckily, no serious injuries were reported, but the shooting in broad daylight while children were present was traumatic for both students and staff.

21. Instead of supporting the administration and teachers whose quick actions helped to prevent a potential tragedy at the school, Dr. Boozer orally reprimanded the BTW administrative

---

[6] City of Champaign. "Community Gun Violence Reduction Blueprint." *City of Champaign*. February 2022. https://shorturl.at/fi6Ru. Accessed 13 August 2024.
[7] Debra Pressey, *Some Champaign council members unhappy with school district's response to gun violence plan.* The News-Gazette. September 22, 2023. https://www.news-gazette.com/newsletter/content/daily_headlines/some-champaign-council-members-unhappy-with-school-districts-response-to-gun-violence-plan/article_3fb18c1b-8051-507c-b53d-ec52213d92c9.html

team for allegedly "not pushing the right button" on the District's new "RAVE" alert system

for major disturbances. (The team pushed the button to request police presence at the school.)

22. Following the shooting, many teachers and parents were upset about how the District had

handled the situation. On September 23, 2023, Adam West, a third-grade teacher at BTW,

sent an email to Dr. Boozer stating that he and other BTW staff members felt the District's

response was inadequate (Exhibit I). Dr. Boozer responded to West's email in part with the

following:

> "I'm tired of the nasty, disrespectful and downright hateful emails from you and
> your colleagues. Until you walk in my daily reality please do not email me nor
> my Board anymore disrespectful messages regarding anything." (Exhibit I)

Diana—along with other BTW teachers—was copied on this email message from Dr.

Boozer.

**D. The September 26, 2023 School Board Meeting**

23. At the School Board meeting on September 26, 2023, several teachers and parents spoke out

during public comment about the lack of support from District Administration at the time of

the shooting. Diana, responding to Dr. Boozer's email message to West, spoke during public

comments and stated the following:

> "[…] I want to publicly forgive you, Dr. Boozer, for the hurt you have recently
> caused me. I forgive you for not showing up when we needed you.
>
> I forgive you for beckoning me over with your finger.
>
> I forgive you for forgetting to ask me if I was okay the day after my family
> experienced yet another traumatic event.
>
> I forgive you for blaming our admin team for pushing the wrong button.
>
> I forgive you for CCing me on an email tirade that I had no prior connection to
> and demanding that you not be contacted.
>
> I forgive you for gaslighting all of us here tonight instead of seeking to

understand and finding solutions."

24. Rebecca was in the audience during the time that Diana made public comments to the Board.

25. Shortly after Diana's public comments at this meeting, Rebecca began to face retaliation from District Administration.

**E. Discrimination/Retaliation from the District**

26. Several weeks after the September 26, 2023, Board meeting, there was a medication incident in which Rebecca allegedly dispensed a student's prescribed medication to that student without an updated Student Medical Authorization form from the student's parent.

27. Though allegedly failing to have the updated form was a technical violation of District policy, Rebecca had the verbal approval from the parent to dispense the medication to the child, and her actions were taken solely in attempt to ensure that the child continued to receive their prescribed medication in a timely manner.

28. Principal Roundtree conducted an internal investigation into the medication incident. Roundtree determined that since there had been no injuries and no willful or intentional violation of policy, Roundtree recommended that Rebecca be given a written reprimand for the incident, in keeping with District policies and procedures.

29. District Administration rejected Roundtree's assessment and instead issued Rebecca a five-day unpaid suspension.

30. Roundtree stated that the severity of Rebecca's punishment was due to Rebecca's sexual orientation (Exhibit J). Roundtree additionally expressed his belief that District Administration sought to retaliate against Rebecca after Diana spoke out against the District Administration at the September 26, 2023 School Board Meeting. *Id.*

31. In December of 2023, Roundtree was advised by Dr. Laura Taylor that Dr. Boozer and Kleber

were intending to transfer Rebecca from her Assistant Principal position at BTW. Taylor told Roundtree that "the decision had been made" by Administration, even though the matter had not been discussed with Rebecca, and a formal Board vote had not taken place approving the transfer.

32. Roundtree expressed his belief that the discussions regarding Rebecca's transfer were due to her sexual orientation, as well as her relationship with Diana following Diana's public comments.

33. In March of 2024, Rebecca was contacted by the District's secretary who informed her that Dr. Boozer wanted to meet with Rebecca over Spring Break. Rebecca was not provided with any reason for the meeting and was not allowed to have anyone attend the meeting with her.

34. On March 11, 2024, Rebecca filed a Charge of Discrimination with the Illinois Department of Human Rights (IDHR Control #24M0312.02) alleging that she had been discriminated against on the basis of her sexual orientation regarding the five-day suspension she received in December 2023. (Exhibit A) Rebecca copied Dr. Boozer, Ken Kleber, Dr. Taylor, and District legal counsel on the correspondence to IDHR.

35. On March 13, 2024, Rebecca met with Dr. Boozer, Kleber, and Dr. Taylor (present via phone). Rebecca was told that she would be transferred to Kenwood Elementary School on March 18, 2024, to finish out the 2023-2024 school year.

36. During the meeting, Dr. Boozer told Rebecca there was "an issue with [her] wife" which had started "when [her] wife came over [to BTW]." Dr. Boozer further stated that she was "not sure" whether Rebecca would have a position as an Assistant Principal with the District the following school year.

37. Dr. Boozer's comments during this meeting came less than 48 hours after Rebecca had filed

9

her Charge of Discrimination against the District.

38. Rebecca's attorney, Ronald Langacker ("Langacker"), emailed Dr. Boozer later that day, noting that "the fact that Ms. Ramey's relationship with her spouse was broached at the meeting at all, let alone as an apparent justification for the transfer, is frankly shocking." Langacker stated that the District's actions appeared "punitive and retaliatory." (Exhibit K).

39. During the entire remainder of the 2023-2024 school year, the School Board did not address the issue of Rebecca's transfer, and the transfer was never approved by the School Board.

40. On July 25, 2024, without having been notified where she would be assigned with only two weeks left until the start of the 2024-2025 school year, Rebecca considered herself to have been constructively discharged by the District (Exhibit L).

## COUNT I
### (Illinois Human Rights Act—Sexual Orientation)
### (Champaign Unit 4)

41. Plaintiff repeats and re-alleges the previous paragraphs in this First Amended Complaint as if fully set forth herein.

42. Plaintiff is a member of a protected class as that term is defined by 775 ILCS 5/1-103, as it relates to her sexual orientation.

43. Plaintiff met and exceeded the reasonable expectations of her employment.

44. Plaintiff experienced discrimination and suffered an adverse action from the School District when she was given a 5-day unpaid suspension due to her sexual orientation.

45. Plaintiff suffered an adverse action when the District made the decision to transfer Plaintiff to another school as a result of her sexual orientation, and suffered a further adverse action on July 25, 2024, when she was constructively discharged from her employment.

46. Other employees who do not identify with the LGBTQ+ community were not discriminated against or constructively discharged by Defendants.

47. As a direct and proximate result of one or more of the above acts of retaliation, Plaintiff has sustained monetary damages, damage to her professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

### COUNT II
**(Title VII—Sexual Orientation)**
**(Champaign Unit 4)**

48. Plaintiff repeats and re-alleges the previous paragraphs in this First Amended Complaint as if fully set forth herein.

49. Plaintiff is a protected party under Title VII (Civil Rights Act of 1964, Section 701 *et seq*., 42 U.S.C.A. 2000e *et seq*.) due to her sexual orientation.

50. Plaintiff met and exceeded the reasonable expectations of her employment.

51. Plaintiff experienced discrimination and suffered an adverse action from the School District when she was given a 5-day unpaid suspension due to her sexual orientation.

52. Plaintiff suffered a further adverse action when the District made the decision to transfer Plaintiff due to her sexual orientation, and suffered a further adverse action as on July 25, 2024 as she was constructively discharged her from her employment.

53. Other employees who do not identify with the LGBTQ+ community were not discriminated against or constructively discharged by Defendants.

54. As a direct and proximate result of one or more of the above acts, Plaintiff has sustained monetary damages, damage to her professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

## COUNT III
### (Illinois Human Rights Act—Marital Status)
### (Champaign Unit 4)

55. Plaintiff repeats and re-alleges the previous paragraphs in this First Amended Complaint as if fully set forth herein.

56. Plaintiff is a protected party as defined by 775 ILCS 5/1-103, due to her marital status.

57. Plaintiff met and exceeded the reasonable expectations of her employment.

58. Plaintiff experienced discrimination and suffered an adverse action when she was given a 5-day unpaid suspension by the School District due to her marital status.

59. Plaintiff suffered an adverse action on March 13, 2024 when the District made the decision to transfer Plaintiff due to her marital status.

60. Plaintiff suffered a further adverse action on July 24, 2024 when she was constructively discharged from her employment.

61. Other employees who were not in the same protected class as the Plaintiff were treated more favorably by the Defendant.

62. As a direct and proximate result of one or more of the above acts, Plaintiff has sustained monetary damages, damage to her professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

## COUNT IV
### (Illinois Human Rights Act—Retaliation)
### (Champaign Unit 4)

63. Plaintiff repeats and re-alleges the previous paragraphs of the First Amended Complaint as if fully set forth herein.

64. The Illinois Human Rights Act ("IHRA") forbids retaliation against anyone who has opposed any practice made an unlawful employment practice as defined by the IHRA, or

because he or she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing. 775 ILCS 5/6-101.

65. Moreover, it is a civil rights violation to retaliate against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination, sexual harassment in employment or sexual harassment in elementary, secondary, and higher education, discrimination based on citizenship status in employment, 775 ILCS 5/6-101.

66. Plaintiff engaged in a protected activity pursuant to Section 6-101(A) of the Act as outlined above, when she filed the Charge of Discrimination on March 11, 2024.

67. Champaign Unit 4 School District was aware that Plaintiff had engaged in protected activity on March 11, 2024.

68. Plaintiff suffered a materially adverse employment action as she was transferred to another elementary school within the District only 48 hours after filing a Charge of Discrimination with the Illinois Department of Human Rights.

69. Plaintiff suffered a further materially adverse employment action when on July 24, 2024, she was constructively discharged from her employment.

70. A reasonable employee would have found the above actions materially adverse, as the District's action would have dissuaded a reasonable person from making or supporting a charge of discrimination.

71. A causal connection exists between Plaintiff's protected activity and the adverse employment actions of Defendants.

72. Any rational from the District for transferring Plaintiff is pretextual.

73. As a direct and proximate result of one or more of the above acts, Plaintiff has sustained monetary damages, damage to her professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

**COUNT V**
**(Title VII – Retaliation)**
**(Champaign Unit 4)**

74. Plaintiff repeats and re-alleges the previous paragraphs of the First Amended Complaint as if fully set forth herein.

75. Title VII of the Civil Rights Act forbids retaliation against anyone who has opposed any practice made an unlawful employment practice by Title VII or because he or she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing. 42 U.S.C.A. § 2000e-3(a).

76. Moreover, it is a civil rights violation to retaliate against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination, sexual harassment in employment or sexual harassment in elementary, secondary, and higher education, discrimination based on citizenship status in employment, 42 U.S.C.A. § 2000e-3(a).

77. Plaintiff engaged in a protected activity pursuant to 42 U.S.C.A. § 2000e-3(a) when she filed a Charge of Discrimination on March 11, 2024, as described above.

78. Champaign Unit 4 School District was aware that Plaintiff had engaged in protected activity on March 11, 2024.

79. Plaintiff suffered a materially adverse employment action by Defendant as two days after she filed the Charge of Discrimination, she was immediately transferred to another elementary school within the District.

80. Plaintiff further suffered a materially adverse employment action when on July 24, 2024, she was constructively discharged from her employment.

81. A reasonable employee would have found the above actions materially adverse, as the District's action would have dissuaded a reasonable person from making or supporting a charge of discrimination.

82. A causal connection exists between Plaintiff's protected activity and the adverse employment actions of Defendants.

83. That any rationale from the District for transferring the Plaintiff is pretextual.

84. As a direct and proximate result of one or more of the above acts, Plaintiff has sustained monetary damages, damage to her professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

### COUNT VI
### (42 U.S.C. § 1983 Violation of First and Fourteenth Amendment)
### (Individual Defendants)

85.  Plaintiff repeats and re-alleges all paragraphs in this First Amended Complaint as if fully set forth herein.

86. Plaintiff brings her familial association claim under the First Amendment, or in the alternative, the due process clause to the Fourteenth Amendment.

87. At all times relevant hereto, Defendants Boozer, Kleber, and Taylor acted as agents, employees, supervisors, and final policymakers for the Champaign Community Unit #4 School District.

88. The conduct of Defendants was and became the custom and practice of Defendants.

89. Plaintiff has a liberty right to have intimate human relationships with her wife (right to "familial association"). Plaintiff is further entitled to the right to freedom of association under

the First Amendment to the United States Constitution.

90. As described above, Plaintiff's spouse engaged in activity protected by the First Amendment when she made comments critical of the District's administration on September 26, 2023.

91. Plaintiff's spouse's speech involved a matter of public concern.

92. Plaintiff was deprived of her right to familial association when Defendants retaliated and conspired to retaliate against Plaintiff because of her association with her wife, Diana Kistler Ramey.

93. Plaintiff suffered a deprivation likely to deter speech, including, but not limited to, being given a five-day suspension without pay, transferring Plaintiff abruptly to another elementary school within the District, and ultimately constructively discharging Plaintiff on July 25, 2024.

94. The individual Defendants intentionally retaliated against Plaintiff with malice or reckless indifference to Plaintiff's rights of freedom of speech.

95. Defendants' actions constituted an unwarranted and undue interference into Plaintiff's family relationships, and an unconstitutional infringement upon Plaintiff's due process and/or First Amendment right to familial association.

96. The actions of Defendants against Plaintiff violate his due process right to be free from retaliation because of his association with her wife under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

97. The actions of Defendants against Plaintiff violate Plaintiff's right to be free from retaliation because of her association with her wife under the First Amendment of the United States Constitution and 42 U.S.C. § 1983.

98. The conduct of Defendants violated Plaintiff's right to familial association as provided by

the First and Fourteenth Amendment to the Constitution.

99. Defendants intentionally retaliated against Plaintiff with malice or reckless indifference to Plaintiff's civil rights, thereby entitling Plaintiff to punitive damages.

100. As a direct and proximate result of one or more of the above acts, Plaintiff has sustained monetary damages, damage to her professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Rebecca Kistler Ramey, respectfully requests that this Court enter the following relief:

A. Award Plaintiff damages sufficient to compensate her for any economic losses suffered as a result of conduct alleged in the First Amended Complaint;

B. Assess against Defendants all incidental and consequential damages, the costs and expenses incurred by Plaintiff in maintaining the above-captioned proceedings together with reasonable attorney's fees incurred by Plaintiff in prosecuting the above-captioned case;

C. Award against Defendants and in favor of Plaintiff such compensatory and exemplary damages as may be permitted by law;

D. Enter a declaratory judgment determining that the actions complained of in this First Amended Complaint are unlawful and in violation of the provisions of state and federal law, and issue a mandatory injunction against Defendants to refrain from engaging in any actions with respect to Plaintiff which are prohibited under the terms of the foregoing laws;

E. Issue a mandatory injunction directing Defendants to reinstate Plaintiff to the position of employment which she held prior to the conduct complained of in this First Amended Complaint with all employment duties, responsibilities, salaries, benefits and rights

17

attendant to that position;

F.  Award punitive damages as permitted by law, and against the Defendants in their individual capacities, (See *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010; *Bosco v. Serhant*, 836 F.2d 271, 281 (7th Cir.1987); and

G.  For all further relief the Court deems equitable and just.

PLAINTIFF DEMANDS TRIAL BY JURY.

Ronald S. Langacker, #6239469               REBECCA KISTLER RAMEY
Langacker Law, Ltd.                         PLAINTIFF
210 N. Broadway
Urbana, Illinois 61801                      By: /s/Ronald S. Langacker
(217) 954-1025                              Ronald S. Langacker
ron@langackerlaw.com                        Attorney for Plaintiff

18

| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br><br># 24M0312.02 | AGENCY<br>☒ **IDHR**<br><br>☒ **EEOC** | CHARGE NUMBER<br><br>**2024SF1401** |
|---|---|---|

### Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)<br>Ms. Rebecca Ramey | TELEPHONE NUMBER (include area code)<br>(217) 377-7176 | |
|---|---|---|

| STREET ADDRESS<br>2512 Brett Drive | CITY, STATE AND ZIP CODE<br>Champaign, Illinois 61821 | DATE OF BIRTH<br>07/16/1988<br>MM / DD / YYYY |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT<br>Board of Education of Champaign Unit 4 School District | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area code)<br>(217) 351-3800 |
|---|---|---|

| STREET ADDRESS<br>502 W. Windsor Road | CITY, STATE AND ZIP CODE<br>Champaign, Illinois 61820 | COUNTY<br>Champaign |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON:<br><br>Sexual Orientation; Marital Status | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA)  LATEST (ALL)<br><br>☒ CONTINUING ACTION |
|---|---|

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

DEPT. OF HUMAN RIGHTS
INTAKE DIVISION
MAR. 11, 2024
**RECEIVED**
BY: _____

<u>S E E   A T T A C H E D</u>

Page 1 of 2

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that the undersigned verily believes the same to be true. [735 ILCS 5/1-109]<br><br>X _(signature)_       3-6-24<br>SIGNATURE OF COMPLAINANT       DATE |
|---|---|

EEO-5 FORM (Rev. 4/2022-INT)                    RETURN THIS COPY

## Amended Complaint Exhibit A

## I.    BACKGROUND INFORMATION COMMON TO ALL COUNTS

1. Complainant, Ms. Rebecca Ramey ("Ramey" or "Complainant"), is a protected party under the Illinois Human Rights Act, 775 ILCS 5/1-102 *et seq*, as she is Female. Additionally, Complainant identifies as a lesbian, and is married to her same-sex partner, Ms. Diana Hildebrand Kistler Ramey ("Kistler").

2. Respondent, Champaign Unit 4 School District ("District" or "Respondent"), is an employer as that term is defined by the Illinois Human Rights Act.

3. The current Superintendent of Champaign Unit 4 School District is Dr. Shiela Boozer ("Dr. Boozer").

4. Complainant was hired as the Assistant Principal for Booker T. Washington Elementary School ("BTW") in August of 2019. BTW primarily serves a student population of color in the City of Champaign.

5. The Principal of BTW is Mr. Jaime Roundtree ("Roundtree").

6. Complainant's spouse, Ms. Kistler, is employed as a First-Grade Teacher at BTW. Kistler is a member of the Teacher's Union of the Champaign Unit 4 School District.

7. District Administration, including Dr. Boozer, are aware that Complainant and Kistler are married in a same-sex relationship.

8. On September 14, 2023, there were gunshots fired outside of BTW at approximately 2:50 p.m., while students were outside at extra recess. Complainant, Roundtree, and other BTW staff members took immediate action to secure the safety of the students and the school. Dr. Boozer did not come to the school to assess the welfare of students and staff.

9. At the September 26, 2023 Regular School Board Meeting of the Champaign Unit 4 School District, many community members expressed their dissatisfaction with how District Administration had handled the response to the shooting.

10. Kistler spoke during public comment and was critical of District Administration's response and of Boozer in particular.

11. On or about late October 2023, an investigation was opened into Complainant allegedly violating District policy regarding dispensing medication to students without an updated Student Medical Authorization form. (Declaration of Jamie Roundtree, ¶10)

12. Principal Roundtree conducted an internal investigation into the matter and in a November 19, 2023 memorandum, recommended that Complainant be counseled on District policy and given a written reprimand. (Decl. of Jamie Roundtree, ¶11)

13. District Administration, specifically Human Resources Director Mr. Ken Kleber ("Kleber"), did not accept Roundtree's recommended discipline and instead gave Complainant a 5-day unpaid suspension. (Decl. of Jamie Roundtree, ¶12)

14. Roundtree expressed his belief that the severity of Complainant's punishment was because of Complainant's sexual orientation. (Decl. of Jamie Roundtree, ¶15)

15. Roundtree additionally expressed his belief that District Administration sought to retaliate against Complainant after Complainant's wife, Ms. Kistler, spoke against the District Administration at the September 26 School Board Meeting. (Decl. of Jamie Roundtree, ¶13)

16. Shortly after Complainant's suspension, Roundtree was advised by Laura Taylor that Dr. Boozer and Kleber intended to transfer Complainant from her position at BTW. Taylor told Roundtree that "the decision had been made." (Decl. of Jamie Roundtree, ¶14)

17. Roundtree expressed his belief that Complainant's transfer was the result of her sexual orientation as well as her relationship with Ms. Kistler, who had been openly critical of the District's response to the shooting in September of 2023. (Decl. of Jamie Roundtree, ¶15)

## II.    A. ISSUE/BASIS

*Discrimination – On the Basis of Gender/Sexual Orientation*

### B. PRIMA FACIE ALLEGATIONS

1. Complainant repeats and re-alleges the previous paragraphs in this Charge as if fully set forth herein.

2. Complainant is a member of a protected class in that she identifies as a lesbian and is married to her same-sex partner.

3. Complainant met and exceeded the reasonable expectations of her employment.

4. Complainant experienced discrimination from District Administration when she was given a 5-day unpaid suspension as a result of her sexual orientation.

5. Moreover, Complainant suffered an adverse action when the District made the decision to transfer Complainant as a result of her sexual orientation.

6. Other District employees who were not married or otherwise similarly situated were not discriminated against by District Administration.

## III.    A. ISSUE/BASIS

*Discrimination – On the Basis of Marital Status*

### B. PRIMA FACIE ALLEGATIONS

1. Complainant repeats and re-alleges the previous paragraphs in this Charge as if fully set forth herein.

2

2. Complainant is a member of a protected class in that she is married to her same-sex partner.

3. Complainant met and exceeded the reasonable expectations of her employment.

4. Complainant experienced discrimination from District Administration when she was given a 5-day unpaid suspension as a result of her same-sex marital status.

5. Moreover, Complainant suffered an adverse action when the District made the decision to transfer Complainant as a result of her s same-sex marital status.

6. Other District employees who were not married or otherwise similarly situated were not discriminated against by District Administration.

## DECLARATION OF JAIME ROUNDTREE

I, Mr. Jaime Roundtree, being duly sworn and under oath, am over 21 years of age and under no legal disability, state that, if called as a witness, I would competently testify to the following:

1.  My name is Jaime Roundtree. I have served as the Principal of Booker T. Washington Elementary School ("BTW") in Champaign, Illinois since August 2019. I have not been previously deposed in this matter.

2.  I am currently employed by Champaign Unit 4 School District ("District"), and have been an employee of the District since 2005. The current Superintendent of the District is Dr. Sheila Boozer.

3.  Ms. Rebecca Ramey ("Ms. Ramey") is currently an Assistant Principal at BTW. Ms. Ramey has consistently met and exceeded expectations as an administrator at BTW.

4.  Ramey is married to Diana Hildebrand Kistler Ramey ("Ms. Kistler"), who also works at BTW as a First Grade Teacher. The fact that Rebecca and Diana are married has in no way affected the work environment at BTW, and the District does not have any policy against married couples being employed with the District or within the same building.

5.  On September 14, 2023, there were gunshots fired outside of BTW at approximately 2:50 p.m., while many students were outside for extra recess.

6.  Ms. Ramey and I both responded to the emergency situation happening on school grounds. Dr. Boozer did not come to the school immediately following the shooting, and many teachers and parents were upset about how the situation was handled.

7.  At the School Board meeting on September 26, 2023, several teachers and parents spoke out about the lack of support from District Administration at the time of the shooting.

8.  One person who spoke out at public comments was Ms. Kistler, who was critical of Administration's response and of Dr. Boozer in particular. While I did not make any comments at the meeting, Ms. Ramey and I attended the meeting in support of the BTW community.

9.  Subsequent to Ms. Kistler's comments, District Administration began to actively discriminate against Ms. Ramey.

10. Around late October 2023, there was an incident involving Ms. Ramey failing to follow District protocol in dispensing medication without an updated Student Medical Authorization form. I commenced an investigation into the incident on behalf of the District.

11.  During the Investigation, I found that while there had been a technical violation of policy, no harm had occurred to the child, and that Ms. Ramey had not engaged in any reckless or negligent actions. In consideration of the fact that this was a first-time offense that could easily be remedied with education, I felt the appropriate discipline for Ms. Ramey was a written reprimand and issued a memorandum with my recommendation on November 19, 2023.

12.  District Administration rejected my assessment and  instead issued Ms. Ramey a five-day suspension, without pay. I believe this punishment was excessive.

13.  I believe that Ms. Ramey was only disciplined so severely due to her sexual orientation and her relationship with Ms. Kistler, who had been openly critical of the District Administration's response to the shooting in September of 2023.

14.  On December 12, 2023, I was advised by Laura Taylor that Dr. Boozer and Ken Kleber had informed her that "the decision had been made" to transfer Ms. Ramey from BTW to a different school within the District.

15.  I believe the reason that District Administration decided to transfer Ms. Ramey from BTW to another school is because of her sexual orientation and her relationship with Ms. Kistler, who had been openly critical of the District Administration's response to the shooting in September of 2023.

16.  Under penalties as provided by law pursuant to 28 U.S.C. 1746, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes to be true.

FURTHER AFFIANT SAYETH NOT.

Date:     3-112024

Jaime Roundtree
Affiant

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**



UJCK Federal Building
230 S. Dearborn
**Suite 1866 (Enforcement, State and Local & Hearings)**
Suite 2920 (Legal & ADR)
Chicago, IL 60604
Chicago Direct Dial: (312) 872-9777
Enforcement/File Disclosure Fax: (312) 588-1260
Website www.eeoc.gov

IMPORTANT NOTICE. PLEASE READ CAREFULLY. KEEP THIS NOTICE WITH YOUR OTHER RECORDS OF THIS CHARGE. THIS MAY BE THE ONLY NOTIFICATION FROM EEOC.

IDHR CHARGE NUMBER:          2024SF1401                REBECCA RAMEY

# EEOC NOTICE OF CHARGE FILED

You are filing a charge of employment discrimination with the Illinois Department of Human Rights (IDHR).

As a result of an agreement between the Illinois Department of Human Rights (IDHR) and the U. S. Equal Employment Opportunity Commission (EEOC), the EEOC will also have a record of IDHR's charge of discrimination.

You are encouraged to cooperate with IDHR in the investigation of your charge. The final findings and orders of that agency may be adopted by the EEOC.

IDHR will process your charge. Under section 1601.76 of EEOC's regulations, you are entitled to request that EEOC review IDHR's investigation and findings. To obtain this review, you must request it by writing to this office within 15 days of your receipt of IDHR's final findings of your case. If we do not receive such a request for a review, EEOC will likely accept IDHR's findings without any review or any other processing by EEOC.

EEOC regulations require that you notify us of any change in address and keep us informed of any prolonged absence from your current address. Your cooperation in this matter is essential.

PLEASE NOTE: BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE DO NOT PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT. IF AN APPOINTMENT IS REQUIRED, CALL (312) 869-8000 OR 1-800-669-4000.

EEOC NOTICE

### STATE OF ILLINOIS
### DEPARTMENT OF HUMAN RIGHTS

**IN THE MATTER OF:**

REBECCA RAMEY,                                  )
                                                )
                                                )
                        COMPLAINANT,            )           CHARGE NO.    2024SF1401
AND                                             )           EEOC NO.      21BA40709
                                                )
BOOKER T WASHINGTON ELEMENTARY                  )
SCHOOL,                                         )
                                                )
                                                )
                                                )
                        RESPONDENT.             )

### <u>NOTICE OF OPT OUT OF THE INVESTIGATIVE AND ADMINISTRATIVE PROCESS, RIGHT TO COMMENCE AN ACTION IN CIRCUIT COURT OR OTHER APPROPRIATE COURT OF COMPETENT JURISDICTION, AND NOTICE OF ADMINISTRATIVE CLOSURE</u>

<u>For Complainant</u>                          <u>For Respondent</u>

Ronald S. Langacker                            Chief Executive Officer
Langacker Law                                  Champaign Unit 4 School District
210 North Broadway                             502 West Windsor Road
Urbana, IL 61801                               Champaign, IL 61820

DISMISSAL / NOTICE DATE: May 15, 2024

Date Perfected Charge Filed: March 11, 2024    Date Opt Out Request Filed: May 8, 2024

YOU ARE HEREBY NOTIFIED that pursuant to Section 7A-102(C-1) of the Illinois Human Rights Act (775 ILCS 5/7A-102(C-1)), Complainant having filed a written request to opt out of the Illinois Department of Human Rights' investigation and administrative processing of the above-captioned charge, the IDHR issues this Notice of Opt Out of the Investigative and Administrative Process, and the Right of Complainant to Commence an Action in the Circuit Court or other appropriate court of competent jurisdiction within 90 days from the date of this Notice and Order, as identified above.

- Complaint filed and serve a copy of the complaint to the Department and Respondent on the same date that the complaint is filed with the circuit court or other appropriate court of competent jurisdiction.
- Complainant may not file or refile a substantially similar charge with the Department arising from the same incident of unlawful discrimination or harassment.

NOW, THEREFORE, it is further hereby ORDERED that the Department cease the investigation and **ADMINISTRATIVELY CLOSE** the charge of civil rights violation(s).

## Amended
## Complaint Exhibit B

DEPARTMENT OF HUMAN RIGHTS

BY: _____
     Brent A Harzman, Director
     Charge Processing Division

NOC Rev 11/01/2023

Enclosure with EEOC Notice of Closure and Rights (Release Date)

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 07/18/2024

**To:**  Rebecca Ramey
c/o Ronald S Langacker, Esq
Langacker Law
210 North Broadway
Urbana, IL 61801

**Charge No: 21B-2024-00709**

EEOC Representative and email:        Sherice Galloway
Manager / State, Local & Tribal
sherice.galloway@eeoc.gov

### DISMISSAL OF CHARGE

Charging Party has opted out of an investigation to commence suit in court.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission:

Digitally Signed By: Amrith Kaur Aakre
07/18/2024
Amrith Kaur Aakre
District Director

**Cc:**

BOOKER T WASHINGTON ELEMENTARY SCHOOL
c/o Chief Executive Officer
Champaign Unit 4 School District
502 West Windsor Road
Champaign, IL 61820

# Amended Complaint Exhibit C

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br><br>#  24M0625.15 | ☒ IDHR<br><br>■ EEOC | 2024SF1451 |

### Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)<br>Ms. Rebecca Ramey | TELEPHONE NUMBER (include area code)<br>(217) 377-7176 | |
|---|---|---|
| STREET ADDRESS                    CITY, STATE AND ZIP CODE<br>2512 Brett Drive, Champaign, Illinois 61821 | DATE OF BIRTH<br>07/16/1988<br>MM / DD / YYYY | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT<br>Champaign Unit 4 School District | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area code)<br>217-351-3800 |
|---|---|---|
| STREET ADDRESS                    CITY, STATE AND ZIP CODE<br>502 West Windsor Road, Champaign, Illinois 61820 | | COUNTY<br>Champaign |
| CAUSE OF DISCRIMINATION BASED ON:<br><br>Retaliation/Sexual Orientation/Marital Status | | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>1/1/24<br>■ CONTINUING ACTION |

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

<u>S E E   A T T A C H E D</u>

DEPT. OF HUMAN RIGHTS
INTAKE DIVISION
JUNE 25, 2024
**RECEIVED**
BY:_____

**Page 1 of 2**

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that the undersigned verily believes the same to be true. [735 ILCS 5/1-109] |
|---|---|
| *[Notary seal]*<br>RONSTON V.G. BACKER<br>OFFICIAL SEAL<br>Notary Public, State of Illinois<br>My Commission Expires<br>May 07, 2025 | X _____    6/20/24<br>SIGNATURE OF COMPLAINANT    DATE |

EEO-5 FORM (Rev. 4/2022-INT)                    RETURN THIS COPY

# Amended Complaint Exhibit D

## I.    BACKGROUND INFORMATION COMMON TO ALL COUNTS

1. Complainant, Ms. Rebecca Ramey ("Ramey" or "Complainant"), is a protected party under the Illinois Human Rights Act, 775 ILCS 5/1-102 *et seq*, as she is female. Additionally, Complainant identifies as a lesbian, and is married to her same-sex partner, Ms. Diana Hildebrand Kistler Ramey ("Kistler").

2. Respondent, Champaign Unit 4 School District ("District" or "Respondent"), is an employer as that term is defined by the Illinois Human Rights Act.

3. The current Superintendent of Champaign Unit 4 School District is Dr. Shiela Boozer ("Dr. Boozer").

4. Complainant was hired as the Assistant Principal for Booker T. Washington Elementary School ("BTW") in August of 2019. BTW primarily serves a student population of color in the City of Champaign.

5. Complainant's spouse, Ms. Kistler, is employed as a First-Grade Teacher at BTW. Kistler is a member of the Teacher's Union of the Champaign Unit 4 School District. During her entire time being employed with the District, the Complainant met and exceeded the expectations of her employer.

6. District Administration, including Dr. Boozer, are aware that Complainant and Kistler are married in a same-sex relationship.

7. Complainant filed a Charge of Discrimination against Unit 4 (Charge No. 2024SF1401) with the Illinois Department of Human Rights on March 11, 2024, alleging the District had discriminated against her on the basis of gender/sexual orientation, and as a result of her marital status. See Exhibit A, attached hereto. The Charge of Discrimination ("COD") was emailed to Dr. Boozer on the evening of March 11, 2024. See Exhibit B, attached hereto.

8. On March 11, 2024, Complainant filed a Charge of Discrimination with the Illinois Department of Human Rights (IDHR Control # 24M0312.02). Complainant copied Dr. Boozer, Ken Kleber, Laura Taylor, and District counsel on this correspondence.

9. On March 13, 2024, Complainant met with Dr. Boozer, Kleber, and Dr. Taylor (via phone). Complainant was told that Complainant would be transferred to Kenwood Elementary School on March 18, 2024, to finish out the 2023-2024 school year.

10. During the meeting, Dr. Boozer told Complainant there was "an issue with [her] wife" which had started "when [her] wife came over [to BTW]." Dr. Boozer stated that the "safeguards" aren't working. Dr. Boozer further stated that she was "not sure" whether Ms. Ramey would have a position as an assistant principal with the District the following school year.

11. Dr. Boozer's comments were the direct result of the Complainant filing a cause of action against the District less than 48 hours earlier and were clearly in retaliation.

1

12. Complainant's attorney ("Langacker") later that day emailed Dr. Boozer, stating that "the fact that Ms. Ramey's relationship with her spouse was broached at the meeting at all, let alone an apparent justification for the transfer, is frankly shocking." Langacker stated that the District's actions appeared "punitive and retaliatory." See Exhibit C, attached hereto.

13. Dr. Boozer nor anyone from the District at any time responded to Langacker's correspondence. The Complainant was immediately transferred to Kenwood Elementary School. Ms. Ramey was unable to even retrieve her personal belongings from BTW.

14. The Champaign Unit 4 School Board, at no time before or after March 13, approved Complainant's transfer in violation of Unit 4 District policy.

15. The Champaign Unit 4 School Board, at no time during the remainder of the 2024 school year, approved the transfer of Ms. Ramey to Kentwood Elementary School.

## II.    A. ISSUE/BASIS

*Retaliation – On the Basis of Protected Activity.*

### B. PRIMA FACIE ALLEGATIONS

1. Complainant repeats and re-alleges the previous paragraphs in this Charge as if fully set forth herein.

2. Complainant is a member of a protected class in that she identifies as a lesbian and is married to her same-sex partner.

3. Complainant met and exceeded the reasonable expectations of her employment.

4. Complainant engaged in a protected activity when she filed the Charge of Discrimination on March 11, 2024, as described above.

5. Complainant suffered a materially adverse employment action by Defendant as a result of her engaging in a protected activity, as she was immediately transferred to another elementary school within the District.

6. A reasonable employee would have found the action materially adverse, as the District's action would have dissuaded a reasonable person from making or supporting a charge of discrimination.

7. A causal connection exists between Plaintiff's protected activity and the adverse employment actions of Defendant.

8. That any rationale from the District for transferring the Complainant is pretextual, and moreover, the transfer of Ms. Ramey was never approved by the School Board.

2

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**



UJCK Federal Building
230 S. Dearborn
**Suite 1866 (Enforcement, State and Local & Hearings)**
Suite 2920 (Legal & ADR)
Chicago, IL 60604
Chicago Direct Dial: (312) 872-9777
Enforcement/File Disclosure Fax: (312) 588-1260
Website www.eeoc.gov

IMPORTANT NOTICE.  PLEASE READ CAREFULLY.  KEEP THIS NOTICE WITH YOUR OTHER RECORDS OF THIS CHARGE.  THIS MAY BE THE ONLY NOTIFICATION FROM EEOC.

IDHR CHARGE NUMBER:          2024SE2451                REBECCA RAMEY

# EEOC NOTICE OF CHARGE FILED

You are filing a charge of employment discrimination with the Illinois Department of Human Rights (IDHR).

As a result of an agreement between the Illinois Department of Human Rights (IDHR) and the U. S. Equal Employment Opportunity Commission (EEOC), the EEOC will also have a record of IDHR's charge of discrimination.

You are encouraged to cooperate with IDHR in the investigation of your charge.  The final findings and orders of that agency may be adopted by the EEOC.

IDHR will process your charge.  Under section 1601.76 of EEOC's regulations, you are entitled to request that EEOC review IDHR's investigation and findings.  To obtain this review, you must request it by writing to this office within 15 days of your receipt of IDHR's final findings of your case.  If we do not receive such a request for a review, EEOC will likely accept IDHR's findings without any review or any other processing by EEOC.

EEOC regulations require that you notify us of any change in address and keep us informed of any prolonged absence from your current address.  Your cooperation in this matter is essential.

PLEASE NOTE:  BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE DO NOT PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT.   IF AN APPOINTMENT IS REQUIRED, CALL (312) 869-8000 OR 1-800-669-4000.

EEOC NOTICE

**STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS**

IN THE MATTER OF:
REBECCA RAMEY,                                         )
                                                      )
                                                      )
                          COMPLAINANT,                )        CHARGE NO.        2024SF2451
AND                                                   )        EEOC NO.          21BA40709
                                                      )
CHAMPAIGN SCHOOL DISTRICT UNIT #4,                    )
                                                      )
                                                      )
                                                      )
                                                      )
                          RESPONDENT.                 )

<u>NOTICE OF OPT OUT OF THE INVESTIGATIVE AND ADMINISTRATIVE PROCESS, RIGHT TO
COMMENCE AN ACTION IN CIRCUIT COURT OR OTHER APPROPRIATE COURT OF COMPETENT
JURISDICTION, AND NOTICE OF ADMINISTRATIVE CLOSURE</u>

<u>For Complainant</u>                                   <u>For Respondent</u>
Ronald S. Langacker                                   Chief Executive Officer
Langacker Law                                         Champaign School Dist. Unit #4
210 N. Broadway Ave.                                  502 West Windsor Road
Urbana, IL 61801                                      Champaign, IL 61820


DISMISSAL / NOTICE DATE: July 17, 2024

~~Date Perfected Charge Filed:~~June 25, 2024        ~~Date Opt Out Request Filed:~~July 12, 2024

YOU ARE HEREBY NOTIFIED that pursuant to Section 7A-102(C-1) of the Illinois Human Rights Act (775 ILCS
5/7A-102(C-1)), Complainant having filed a written request to opt out of the Illinois Department of Human Rights'
investigation and administrative processing of the above-captioned charge, the IDHR issues this Notice of Opt
Out of the Investigative and Administrative Process, and the Right of Complainant to Commence an Action in
the Circuit Court or other appropriate court of competent jurisdiction within 90 days from the date of this Notice
and Order, as identified above.

- Complaint filed and serve a copy of the complaint to the Department and Respondent on the same date
  that the complaint is filed with the circuit court or other appropriate court of competent jurisdiction.
- Complainant may not file or refile a substantially similar charge with the Department arising from the
  same incident of unlawful discrimination or harassment.

NOW, THEREFORE, it is further hereby ORDERED that the Department cease the investigation and
**ADMINISTRATIVELY CLOSE** the charge of civil rights violation(s).

Amended
Complaint Exhibit E

DEPARTMENT OF HUMAN RIGHTS

BY: _Brent A. Harzman_ _(signature)_

Brent A Harzman, Director
Charge Processing Division

Enclosure with EEOC Notice of Closure and Rights (Release Date)

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 08/06/2024

**To:**  Rebecca Ramey
c/o Ronald S Langacker, Esq
Langacker Law
210 North Broadway
Urbana, IL 61801

**Charge No: 21B-2024-01211**

EEOC Representative and email:            Sherice Galloway
Manager / State, Local & Tribal
sherice.galloway@eeoc.gov

---

## DISMISSAL OF CHARGE

Charging Party has opted out of an investigation to commence suit in court.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission:

Digitally Signed By:Amrith Kaur Aakre
07/18/2024

Amrith Kaur Aakre
District Director

**Cc:**

SCHOOL DISTRICT #4
c/o Chief Executive Officer
502 West Windsor Road
Champaign, IL 61820

# Amended Complaint Exhibit F

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br><br># 25M0925.12 | AGENCY<br><br>■ IDHR<br><br>■ EEOC | CHARGE NUMBER<br><br>2025SF0343 |
| --- | --- | --- |

| Illinois Department of Human Rights and EEOC |
| --- |

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)<br><br>Ms. Rebecca Ramey | TELEPHONE NUMBER (include area code)<br><br>(217) 377-7176 |
| --- | --- |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH<br>07/16/1988 |
| --- | --- | --- |
| 2512 Brett Drive | Champaign, Illinois 61821 | MM / DD / YYYY |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT<br><br>Board of Education of Champaign Unit 4 School District | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area code)<br><br>(217) 351-3800 |
| --- | --- | --- |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| --- | --- | --- |
| 502 W. Windsor Road | Champaign, Illinois 61820 | Champaign |

| CAUSE OF DISCRIMINATION BASED ON:<br><br>Sexual Orientation/Marital Status/Retaliation | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>7/25/24<br>■ CONTINUING ACTION |
| --- | --- |

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

DEPT. OF HUMAN RIGHTS
INTAKE DIVISION

SEP 24, 2024

**RECEIVED**

BY:_____

SEE ATTACHED

Page 1 of 2

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure. the undersigned certifies that the statements set forth in this instrument are true and correct. except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that the undersigned verily believes the same to be true. [735 ILCS 5/1-109]<br><br>X _____    09/23/24<br>SIGNATURE OF COMPLAINANT    /DATE |
| --- | --- |

EEO-5 FORM (Rev. 4/2022-INT)                                                    RETURN THIS COPY

# Amended Complaint Exhibit G

2025SF0343

## I.    BACKGROUND INFORMATION COMMON TO ALL COUNTS

1.  Complainant, Ms. Rebecca Ramey ("Ramey" or "Complainant"), is a protected party under the Illinois Human Rights Act, 775 ILCS 5/1-102 *et seq*, as she is female. Additionally, Complainant identifies as a lesbian, and is married to her same-sex partner, Ms. Diana Hildebrand Kistler Ramey ("Kistler").

2.  Respondent, Champaign Unit 4 School District ("District" or "Respondent"), is an employer as that term is defined by the Illinois Human Rights Act.

3.  The current Superintendent of Champaign Unit 4 School District is Dr. Shiela Boozer ("Dr. Boozer").

4.  Complainant was hired as the Assistant Principal for Booker T. Washington Elementary School ("BTW") in August of 2019. BTW primarily serves a student population of color in the City of Champaign.

5.  Complainant's spouse, Ms. Kistler, is employed as a First-Grade Teacher at BTW. Kistler is a member of the Teacher's Union of the Champaign Unit 4 School District. During her entire time being employed with the District, the Complainant met and exceeded the expectations of her employer.

6.  District Administration, including Dr. Boozer, are aware that Complainant and Kistler are married in a same-sex relationship.

7.  Complainant filed a Charge of Discrimination against Unit 4 (Charge No. 2024SF1401) with the Illinois Department of Human Rights on March 11, 2024, alleging the District had discriminated against her on the basis of gender/sexual orientation, and as a result of her marital status. The Charge of Discrimination ("COD") was emailed to Dr. Boozer on the evening of March 11, 2024.

8.  On March 13, 2024, Complainant met with Dr. Boozer, Kleber, and Dr. Taylor (via phone). Complainant was told that Complainant would be transferred to Kenwood Elementary School on March 18, 2024, to finish out the 2023-2024 school year.

9.  During the meeting, Dr. Boozer told Complainant there was "an issue with [her] wife" which had started "when [her] wife came over [to BTW]." Dr. Boozer stated that the "safeguards" aren't working. Dr. Boozer further stated that she was "not sure" whether Ms. Ramey would have a position as an assistant principal with the District the following school year.

10. Dr. Boozer's comments were the direct result of the Complainant filing a cause of action against the District less than 48 hours earlier, and were clearly in retaliation.

11. Complainant's attorney ("Langacker") later that day emailed Dr. Boozer, stating that "the fact that Ms. Ramey's relationship with her spouse was broached at the meeting at all, let alone an apparent justification for the transfer, is frankly shocking." Langacker's attorney stated that the District's actions appeared "punitive and retaliatory."

12. Dr. Boozer nor anyone from the District at any time responded to Langacker's correspondence. The Complainant was immediately transferred to Kenwood Elementary School, and wasn't even allowed to retrieve her belongings.

13. The Champaign Unit 4 School Board, at no time before or after March 13, approved Complainant's transfer in violation of Unit 4 District policy.

14. The Champaign Unit 4 School Board, at no time during the remainder of the 2024 school year, approved the transfer of Ms. Ramey to Kentwood Elementary School.

15. During the entire remainder of the 2023-2024 school year, the School Board did not address the issue of Rebecca's transfer, and the transfer was never approved by the School Board.

16. With only a little over two weeks left before the start of the 2024-2025 school year, and without having been notified where she would be placed within Unit 4, if anywhere the Complainant was constructively discharged by the District on July 25, 2024.

## II.   A. ISSUE/BASIS

*Retaliation – On the Basis of Protected Activity.*

### B. PRIMA FACIE ALLEGATIONS

1. Complainant repeats and re-alleges the previous paragraphs in this Charge as if fully set forth herein.

2. Complainant is a member of a protected class in that she identifies as a lesbian and is married to her same-sex partner.

3. Complainant met and exceeded the reasonable expectations of her employment.

4. Complainant engaged in a protected activity when she filed the Charge of Discrimination on March 11, 2024, as described above.

5. Complainant and suffered a materially adverse employment action by Defendant as a result of her engaging in a protected activity, as she was constructively discharged by the District on July 25, 2024.

6. A reasonable employee would have found the action materially adverse, as the District's action would have dissuaded a reasonable person from making or supporting a charge of discrimination.

7. A causal connection exists between Plaintiff's protected activity and the adverse employment actions of Defendant.

8. Complainant has sustained damages equal to lost monetary damages, damage to her reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

## III.   A. ISSUE/BASIS

2025SF0343

*Discrimination – On the Basis of Gender/Sexual Orientation*

**B. PRIMA FACIE ALLEGATIONS**

1. Complainant repeats and re-alleges the previous paragraphs in this Charge as if fully set forth herein.

2. Complainant is a member of a protected class in that she identifies as a lesbian and is married to her same-sex partner.

3. Complainant met and exceeded the reasonable expectations of her employment.

4. Complainant experienced discrimination from District Administration when she was transferred to another school in the District

5. Complainant suffered an adverse action when the District constructively discharged the Claimant on July 25, 2024.

6. Other District employees who were not married or otherwise similarly situated were not discriminated against by District Administration.

7. Complainant has sustained damages equal to lost monetary damages, damage to her reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

IV.    **A. ISSUE/BASIS**

*Discrimination – On the Basis of Marital Status*

**B. PRIMA FACIE ALLEGATIONS**

1. Complainant repeats and re-alleges the previous paragraphs in this Charge as if fully set forth herein.

2. Complainant is a member of a protected class in that she is married to her same-sex partner.

3. Complainant met and exceeded the reasonable expectations of her employment.

4. Complainant suffered an adverse action on July 25, 2024, when she was constructively discharged from the District.

5. Other District employees who were not married or otherwise similarly situated were not discriminated against by District Administration.

6. Complainant has sustained damages equal to lost monetary damages, damage to her reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Chicago District Office**
230 S Dearborn Street, 18ᵗʰ Floor, Suite 1866
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 1/30/2025 via USPS

**To:** Rebecca Ramey
c/o Ronald S. Langacker, Esq.
Langacker Law
210 N. Broadway Avenue
Urbana, IL 61801

**Charge No: 21B-2024-01496**

EEOC Representative and email:      SHERICE GALLOWAY
State/Local/Tribal Manager
sherice.galloway@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC is closing this charge because you have requested to file a lawsuit in federal court.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law, your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice. Receipt generally occurs on the date that you (or your representative) received this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.) If you file suit, based on this charge, please send a copy of your court complaint to this office.

Please retain this notice for your records.

On behalf of the Commission,

Digitally Signed By: Amrith Kaur Aakre
1/30/2025
Amrith Kaur Aakre
District Director

Cc:

CHAMPAIGN BOPARD OF EDUCATION, SCHOOL DISTRICT UNIT #4
c/o Chief Executive Officer
502 W. Windsor Road
Champaign, IL 61820

# Amended Complaint Exhibit H

 **Gmail**

Diana Hildebrand <hildebdi@u4sd.org>

## Re: Response to Recent Gun Violence

**Shelia Boozer** <boozersh@u4sd.org>                                                    Sun, Sep 24, 2023 at 7:19 PM
To: Andrew West <westan@u4sd.org>
Cc: <u4boe@u4sd.org>, Michael Sitch <sitchmi@u4sd.org>, Lisa Milkereit <milkerli@u4sd.org>, Jaime Roundtree
<roundtja@u4sd.org>, Diana Hildebrand <hildebdi@u4sd.org>

Mr. West,

I was off enjoying my son's wedding this weekend when I checked my work email. Not a smart thing on my part because this email about ruined me celebrating with my family something beautiful and positive. Something my family has needed for a long while. Why because we too are victims and yet traumatized due the senseless acts of gun violence. We lost two teenage Black boys tragically to gun violence. One 16 years old shot in his head and he wasn't the intended target. The other shot point blank in his face a day before his 17th birthday. So celebrating my BLACK 29 year son, that has been pulled over by not one but four police cars at one time for "mistaken identity" was more than just celebrating his wedding. It was celebrating a milestone! We all know how that potentially could have turned out especially when the officers kept telling him (after they made him get out of his car) how big he was. Yes, he's 6'5 240 pounds of muscle. I still cry thinking about how it could have turned out if my BLACK husband and I had not taught our kids how to be compliant while driving or just being Black. That's trauma you will never experience or understand as a parent. I know trauma. I live it everyday even in my role. I'm a Superintendent by choice, and trauma is still at my front door.

 My family has had more trauma than many can comprehend. We NEVER looked to the schools to fight gun violence. I say this to say because I'm tired of the nasty, disrespectful and downright hateful emails from you and your colleagues. Until you walk in my daily reality please do not email me nor my Board anymore disrespectful messages regarding anything. I personally came to BTW and spoke to you and your colleagues the next morning. If you had something to say you had an opportunity at that point. You personally looked me in my face and said thank you for being here. I was outside chasing off the extra foot traffic in the park. If something had popped off I too was in the line of fire. As far as Mr. Canales, he did exactly as our plan calls for when the RAVE button is pushed (the program I made sure we have in place). I sent over CPD, our head of security and Mr. Thomas Thursday morning to hear the staff's concerns because I could not personally be there. I was told thank you.

When I arrived here to Champaign Unit 4 3 years ago. I walked into a community plagued with gun violence. My school busses were hit by bullets while dropping students off. I visited schools that had Black Lives Matter posters everywhere. I delved into the data and saw horrific scores. All I could do was say, " Do Black Lives Really Matter or is this the new buzz term. Do these folks really mean it?" I'm waiting for the community outrage of the lack of performance from our Black students. Instead, being unable and unwilling to stretch my already worn out staff any further and honestly acknowledging we cannot use all those funds made available to us and suggesting that other organizations should have access makes the news. Admittedly I'm so confused by all of it.

As far as the Blue print goes it involved trying to get Saturday school going and after other school programming. We did not have the manpower (teachers, bus drivers, admin etc) to make it happen. The City did not give us funds. We had access to funds for reimbursement if we could get the programs going. We could not. We did however do the intramural basketball program that was a part of the proposal. We told the City our plight. At face value they understood. We said we wanted to scale back and we have other options we wanted to go with.

We have other initiatives we put in place to do our part. I will be discussing this at the next Board meeting. I'm a Superintendent trying to change the trajectory of many students lives. I'm not equipped to stop gun violence. No school district is. Our best weapon is education not perpetuating stereotypes, casting blame or fault finding. Our job is to teach our students to read, comprehend, problem sole and become amazing citizens. It takes a village to do all of this. I am a strong believer in controlling what I can control and if I cannot control them I determine how might I influence it. I accept that I cannot control gun violence (if I could my two cousins would still be here). I figured out how we could influence psychological, emotional and physical safety in Unit 4.

# Amended Complaint Exhibit I

We brought in weapons detectors, a security team, Care Solace, more General Education Social Workers, SSA's, hall monitors, additional admin team members, secure entrances at every school building and I'm sure other measures over the past two years. We heard a few more things your team had asked for that we are looking into providing.

I understand first hand how trauma affects people. I acknowledge you experienced trauma the other week. I With all of that you do not get the right to come at me or anyone else. We have to work together to problem solve. If you feel the need to share any other opinions or thoughts please call me or better yet, follow the proper chain of command. Talk to your building leadership. They can and should be able to explain to you the proper response and protocols were followed. Please ask and get an understanding before you call something you do not understand as inadequate.

 In all gun incidents the local police department takes over not the school district personnel. In fact, we did not learn it was gun violence near or on BTW property until late Thursday evening well after we received the all clear. We met with both your admin team and CPD to discuss that piece.

The Board of Education's role is policy and its implementation not the day to day operations.

Yours in Service,

Dr. Shelia E. Boozer
Superintendent Champaign Unit 4

Sent from my iPhone


On Sep 23, 2023, at 1:39 PM, Andrew West <westan@u4sd.org> wrote:


Good afternoon.

I am writing this email to express my deepest disappointment in light of the news that came out yesterday, 9/22, from the News Gazette, titled *Unit 4 inaction frustrates some on city council.* I and many other staff at BTW were shocked and alarmed at the district's response to gun violence at the front of our school on 9/14. As a concerned member of the staff, a parent, and an advocate for the safety of our children, I feel compelled to share my, and other staff members' thoughts and concerns regarding this matter.

First and foremost, I need to say that I am proud to work at BTW. The relationships that I have made with our students and community have been fostered by an amazing administration team that has continually encouraged all staff to put our students first. It is something that my colleagues and I do on a daily basis with our students in an effort to have the whole student present and able to learn. I feel that over the last few years, staff has been able to develop relationships with those in our community to have them look positively on BTW due to the hard work we have put in to build these relationships and let families know that we are there for their students.

I want to acknowledge the gravity of the situation and the challenges you face in ensuring the safety of our schools and students. I understand that addressing gun violence is a delicate issue, and no single solution can guarantee complete prevention. However, the response to such incidents plays a pivotal role in reassuring parents, students, and the community that their safety is a top priority.

The response to the recent gun violence incident last Thursday was, in my and many others' opinions, inadequate. As staff members, we continue to feel hurt, disappointed, and forgotten by our district. I was outside with a small group of eight 5th graders when we watched a young man pull out and discharge a firearm. I managed to get my students into a safe place inside, but I will never forget the terror on their faces. I will never forget how they questioned why we didn't have bulletproof glass. I will never forget how they scoffed at another teacher telling another student, "We are safe."

I shared some of my frustrations with Mr. Roundtree after the incident. Mr. Canales being the only district staff to show up on the day of a shooting was unacceptable. I then felt like I was given many different excuses as to why the response was what it was. Many other staff also expressed to me that the response was unacceptable, and that they felt as if Unit 4 was simply passing the blame or making excuses as to why nothing could have been done and that this was a community issue.

Thursday morning, on 9/21, Mr. Canales, Mr. Thomas, and 2 other representatives from CPD met with some of our staff before school started. Many of my colleagues have come to me and expressed that they felt that all they were told was more excuses.

I understand that addressing all of the concerns from BTW may require time, effort, and resources, but the safety and well-being of our children must always be the top priority. According to the News Gazette article though, our district has had access to $526,620 for over a year as a part of the Community Gun Violence Reduction Blueprint to carry out various programs aimed at addressing the root causes of gun violence and supporting impacted families of victims, and has not spent any of it.

The article quotes Dr. Boozer as saying in response to not utilizing the funds, "...we made the difficult decision to prioritize the work at the heart of our district's mission — educating the children in our community."

We cannot educate the children in our community when they are continually rocked by gun violence and fear going to school. This response is unacceptable. I urge you to take immediate action to rectify this, utilize the funds at hand, and to provide the community with a clear plan for improving safety measures in our schools.

Our community relies on its leaders to protect its most vulnerable members, and I hope that you will take this responsibility seriously and work diligently to regain our trust. Our staff would appreciate the opportunity to discuss this matter further with you and hear about the steps you plan to take to address these concerns.  I would also like to ask for BTW to have a seat at this table. We can work together on this to educate the children in our community and enable them to feel safe at our schools. Our staff and building administration have been working with our families. I am going to encourage our members to come to the Board Meeting on Tuesday as well so that we can be heard.

Thank you for your attention to this critical issue. I look forward to a swift and effective response.

## DECLARATION OF JAIME ROUNDTREE

I, Mr. Jaime Roundtree, being duly sworn and under oath, am over 21 years of age and under no legal disability, state that, if called as a witness, I would competently testify to the following:

1.  My name is Jaime Roundtree. I have served as the Principal of Booker T. Washington Elementary School ("BTW") in Champaign, Illinois since August 2019. I have not been previously deposed in this matter.

2.  I am currently employed by Champaign Unit 4 School District ("District"), and have been an employee of the District since 2005. The current Superintendent of the District is Dr. Sheila Boozer.

3.  Ms. Rebecca Ramey ("Ms. Ramey") is currently an Assistant Principal at BTW. Ms. Ramey has consistently met and exceeded expectations as an administrator at BTW.

4.  Ramey is married to Diana Hildebrand Kistler Ramey ("Ms. Kistler"), who also works at BTW as a First Grade Teacher. The fact that Rebecca and Diana are married has in no way affected the work environment at BTW, and the District does not have any policy against married couples being employed with the District or within the same building.

5.  On September 14, 2023, there were gunshots fired outside of BTW at approximately 2:50 p.m., while many students were outside for extra recess.

6.  Ms. Ramey and I both responded to the emergency situation happening on school grounds. Dr. Boozer did not come to the school immediately following the shooting, and many teachers and parents were upset about how the situation was handled.

7.  At the School Board meeting on September 26, 2023, several teachers and parents spoke out about the lack of support from District Administration at the time of the shooting.

8.  One person who spoke out at public comments was Ms. Kistler, who was critical of Administration's response and of Dr. Boozer in particular. While I did not make any comments at the meeting, Ms. Ramey and I attended the meeting in support of the BTW community.

9.  Subsequent to Ms. Kistler's comments, District Administration began to actively discriminate against Ms. Ramey.

10. Around late October 2023, there was an incident involving Ms. Ramey failing to follow District protocol in dispensing medication without an updated Student Medical Authorization form. I commenced an investigation into the incident on behalf of the District.

# Amended Complaint Exhibit J

11.     During the Investigation, I found that while there had been a technical violation of policy, no harm had occurred to the child, and that Ms. Ramey had not engaged in any reckless or negligent actions. In consideration of the fact that this was a first-time offense that could easily be remedied with education, I felt the appropriate discipline for Ms. Ramey was a written reprimand and issued a memorandum with my recommendation on November 19, 2023.

12.     District Administration rejected my assessment and instead issued Ms. Ramey a five-day suspension, without pay. I believe this punishment was excessive.

13.     I believe that Ms. Ramey was only disciplined so severely due to her sexual orientation and her relationship with Ms. Kistler, who had been openly critical of the District Administration's response to the shooting in September of 2023.

14.     On December 12, 2023, I was advised by Laura Taylor that Dr. Boozer and Ken Kleber had informed her that "the decision had been made" to transfer Ms. Ramey from BTW to a different school within the District.

15.     I believe the reason that District Administration decided to transfer Ms. Ramey from BTW to another school is because of her sexual orientation and her relationship with Ms. Kistler, who had been openly critical of the District Administration's response to the shooting in September of 2023.

16.     Under penalties as provided by law pursuant to 28 U.S.C. 1746, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes to be true.


FURTHER AFFIANT SAYETH NOT.

Date: _____3-112024_____

_____
Jaime Roundtree
Affiant

**LANGACKER LAW**
ATTORNEYS AT LAW

**Via Electronic Mail**

March 13, 2024

Dr. Sheila Boozer
Champaign Unit 4 School District
502 W. Windsor Road
Champaign, Illinois 61820
boozersh@u4sd.org

RE:     Ms. Rebecca Ramey

Dr. Boozer,

Earlier this morning, Ms. Rebecca Ramey attended a meeting with you, Ken Kleber, and Dr. Laura Taylor. (My request to attend this meeting with my client was expressly denied.)

At that meeting, you told Ms. Ramey that she will be transferred from her current position with Booker T. Washington Elementary School to Kenwood Elementary School effective immediately, through the remainder of the school year. You additionally stated that you were "not sure" whether Ms. Ramey would have a position as assistant principal with the District for the next school year.

Inexplicably, you also told my client that one reason for the transfer was allegedly due to the "the issue with [her] wife," apparently referencing the fact that Ms. Ramey's spouse, Diana Kistler, has taught first grade at BTW since the 2022-2023 school year.

Moreover, you had been made aware that on March 11, Ms. Ramey filed a Charge of Discrimination with the Illinois Department of Human Rights, alleging (among other things) that the District had discriminated against her on the basis of her sexual orientation. A copy of this Charge is attached. The fact that Ms. Ramey's relationship with her spouse was even broached at this meeting at all, let alone used as an apparent justification for the transfer, is frankly shocking.

The District's actions appear punitive and retaliatory, as Ms. Ramey is being transferred from BTW without the option of allowing her to finish out the school year, while simultaneously being told that there is no guarantee of her future employment with the District.

Without mincing words, Ms. Ramey is utterly devastated by the District's callous decision to transfer her and take her away from the children, families, staff, and community that she has spent the past 5 years working alongside and with whom she has formed close personal and professional relationships. Ms. Ramey has done a tremendous job as an assistant principal at BTW, and no valid reason for her transfer exists.

Govern yourself accordingly.

# Amended Complaint Exhibit K

*Ronald S. Langacker*
Ronald S. Langacker
Attorney at Law

RSL/jlw

Enc.

CC:
      Amy Armstrong
      Dr. Gianina Baker
      Bruce Brown
      Betsy Holder
      Mark Thies
      Heather Vazquez
      Sally Scott

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form.

\#

| AGENCY | CHARGE NUMBER |
|---|---|
| ☑ IDHR | |
| ☑ EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.) | TELEPHONE NUMBER (include area code) |
|---|---|
| Ms. Rebecca Ramey | ( |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| | Champaign, Illinois 61821 | MM / DD / YYYY |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area code) |
|---|---|---|
| Board of Education of Champaign Unit 4 School District | | (217) 351-3800 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 502 W. Windsor Road | Champaign, Illinois 61820 | Champaign |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| Sexual Orientation; Marital Status | ☑ CONTINUING ACTION |

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

### SEE ATTACHED

Page 1 of 2

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that the undersigned verily believes the same to be true. [735 ILCS 5/1-109] |
|---|---|

EEO-5 FORM (Rev. 4/2022-INT)

RETURN THIS COPY

## I.     BACKGROUND INFORMATION COMMON TO ALL COUNTS

1. Complainant, Ms. Rebecca Ramey ("Ramey" or "Complainant"), is a protected party under the Illinois Human Rights Act, 775 ILCS 5/1-102 *et seq*, as she is Female. Additionally, Complainant identifies as a lesbian, and is married to her same-sex partner, Ms. Diana Hildebrand Kistler Ramey ("Kistler").

2. Respondent, Champaign Unit 4 School District ("District" or "Respondent"), is an employer as that term is defined by the Illinois Human Rights Act.

3. The current Superintendent of Champaign Unit 4 School District is Dr. Shiela Boozer ("Dr. Boozer").

4. Complainant was hired as the Assistant Principal for Booker T. Washington Elementary School ("BTW") in August of 2019. BTW primarily serves a student population of color in the City of Champaign.

5. The Principal of BTW is Mr. Jaime Roundtree ("Roundtree").

6. Complainant's spouse, Ms. Kistler, is employed as a First-Grade Teacher at BTW. Kistler is a member of the Teacher's Union of the Champaign Unit 4 School District.

7. District Administration, including Dr. Boozer, are aware that Complainant and Kistler are married in a same-sex relationship.

8. On September 14, 2023, there were gunshots fired outside of BTW at approximately 2:50 p.m., while students were outside at extra recess. Complainant, Roundtree, and other BTW staff members took immediate action to secure the safety of the students and the school. Dr. Boozer did not come to the school to assess the welfare of students and staff.

9. At the September 26, 2023 Regular School Board Meeting of the Champaign Unit 4 School District, many community members expressed their dissatisfaction with how District Administration had handled the response to the shooting.

10. Kistler spoke during public comment and was critical of District Administration's response and of Boozer in particular.

11. On or about late October 2023, an investigation was opened into Complainant allegedly violating District policy regarding dispensing medication to students without an updated Student Medical Authorization form. (Declaration of Jamie Roundtree, ¶10)

12. Principal Roundtree conducted an internal investigation into the matter and in a November 19, 2023 memorandum, recommended that Complainant be counseled on District policy and given a written reprimand. (Decl. of Jamie Roundtree, ¶11)

13. District Administration, specifically Human Resources Director Mr. Ken Kleber ("Kleber"), did not accept Roundtree's recommended discipline and instead gave Complainant a 5-day unpaid suspension. (Decl. of Jamie Roundtree, ¶12)

14. Roundtree expressed his belief that the severity of Complainant's punishment was because of Complainant's sexual orientation. (Decl. of Jamie Roundtree, ¶15)

15. Roundtree additionally expressed his belief that District Administration sought to retaliate against Complainant after Complainant's wife, Ms. Kistler, spoke against the District Administration at the September 26 School Board Meeting. (Decl. of Jamie Roundtree, ¶13)

16. Shortly after Complainant's suspension, Roundtree was advised by Laura Taylor that Dr. Boozer and Kleber intended to transfer Complainant from her position at BTW. Taylor told Roundtree that "the decision had been made." (Decl. of Jamie Roundtree, ¶14)

17. Roundtree expressed his belief that Complainant's transfer was the result of her sexual orientation as well as her relationship with Ms. Kistler, who had been openly critical of the District's response to the shooting in September of 2023. (Decl. of Jamie Roundtree, ¶15)

## II.    A. ISSUE/BASIS

*Discrimination – On the Basis of Gender/Sexual Orientation*

## B. PRIMA FACIE ALLEGATIONS

1. Complainant repeats and re-alleges the previous paragraphs in this Charge as if fully set forth herein.

2. Complainant is a member of a protected class in that she identifies as a lesbian and is married to her same-sex partner.

3. Complainant met and exceeded the reasonable expectations of her employment.

4. Complainant experienced discrimination from District Administration when she was given a 5-day unpaid suspension as a result of her sexual orientation.

5. Moreover, Complainant suffered an adverse action when the District made the decision to transfer Complainant as a result of her sexual orientation.

6. Other District employees who were not married or otherwise similarly situated were not discriminated against by District Administration.

## III.    A. ISSUE/BASIS

*Discrimination – On the Basis of Marital Status*

## B. PRIMA FACIE ALLEGATIONS

1. Complainant repeats and re-alleges the previous paragraphs in this Charge as if fully set forth herein.

2

2. Complainant is a member of a protected class in that she is married to her same-sex partner.

3. Complainant met and exceeded the reasonable expectations of her employment.

4. Complainant experienced discrimination from District Administration when she was given a 5-day unpaid suspension as a result of her same-sex marital status.

5. Moreover, Complainant suffered an adverse action when the District made the decision to transfer Complainant as a result of her s same-sex marital status.

6. Other District employees who were not married or otherwise similarly situated were not discriminated against by District Administration.

## DECLARATION OF JAIME ROUNDTREE

I, Mr. Jaime Roundtree, being duly sworn and under oath, am over 21 years of age and under no legal disability, state that, if called as a witness, I would competently testify to the following:

1. My name is Jaime Roundtree. I have served as the Principal of Booker T. Washington Elementary School ("BTW") in Champaign, Illinois since August 2019. I have not been previously deposed in this matter.

2. I am currently employed by Champaign Unit 4 School District ("District"), and have been an employee of the District since 2005. The current Superintendent of the District is Dr. Sheila Boozer.

3. Ms. Rebecca Ramey ("Ms. Ramey") is currently an Assistant Principal at BTW. Ms. Ramey has consistently met and exceeded expectations as an administrator at BTW.

4. Ramey is married to Diana Hildebrand Kistler Ramey ("Ms. Kistler"), who also works at BTW as a First Grade Teacher. The fact that Rebecca and Diana are married has in no way affected the work environment at BTW, and the District does not have any policy against married couples being employed with the District or within the same building.

5. On September 14, 2023, there were gunshots fired outside of BTW at approximately 2:50 p.m., while many students were outside for extra recess.

6. Ms. Ramey and I both responded to the emergency situation happening on school grounds. Dr. Boozer did not come to the school immediately following the shooting, and many teachers and parents were upset about how the situation was handled.

7. At the School Board meeting on September 26, 2023, several teachers and parents spoke out about the lack of support from District Administration at the time of the shooting.

8. One person who spoke out at public comments was Ms. Kistler, who was critical of Administration's response and of Dr. Boozer in particular. While I did not make any comments at the meeting, Ms. Ramey and I attended the meeting in support of the BTW community.

9. Subsequent to Ms. Kistler's comments, District Administration began to actively discriminate against Ms. Ramey.

10. Around late October 2023, there was an incident involving Ms. Ramey failing to follow District protocol in dispensing medication without an updated Student Medical Authorization form. I commenced an investigation into the incident on behalf of the District.

11.  During the Investigation, I found that while there had been a technical violation of policy, no harm had occurred to the child, and that Ms. Ramey had not engaged in any reckless or negligent actions. In consideration of the fact that this was a first-time offense that could easily be remedied with education, I felt the appropriate discipline for Ms. Ramey was a written reprimand and issued a memorandum with my recommendation on November 19, 2023.

12.  District Administration rejected my assessment and  instead issued Ms. Ramey a five-day suspension, without pay. I believe this punishment was excessive.

13.  I believe that Ms. Ramey was only disciplined so severely due to her sexual orientation and her relationship with Ms. Kistler, who had been openly critical of the District Administration's response to the shooting in September of 2023.

14.  On December 12, 2023, I was advised by Laura Taylor that Dr. Boozer and Ken Kleber had informed her that "the decision had been made" to transfer Ms. Ramey from BTW to a different school within the District.

15.  I believe the reason that District Administration decided to transfer Ms. Ramey from BTW to another school is because of her sexual orientation and her relationship with Ms. Kistler, who had been openly critical of the District Administration's response to the shooting in September of 2023.

16.  Under penalties as provided by law pursuant to 28 U.S.C. 1746, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes to be true.

FURTHER AFFIANT SAYETH NOT.

Date:    3-112024

Jaime Roundtree
Affiant

**From:** Rebecca Ramey <rameyre@u4sd.org>
**Sent:** Thursday, July 25, 2024 1:08 PM
**To:** Ronald Langacker <ron@langackerlaw.com>
**Subject:** Fwd: Resignation


---------- Forwarded message ---------
From: **Rebecca Ramey <**rameyre@u4sd.org**>**
Date: Thu, Jul 25, 2024 at 1:07 PM
Subject: Resignation
To: Kenneth Kleber <kleberke@u4sd.org>
Cc: Shelia Boozer <boozersh@u4sd.org>, u4boe <u4boe@u4sd.org>

# Amended Complaint Exhibit L

Ken Kleber, Dr. Boozer, and Champaign Unit 4 Board of Education,

Be advised that I will not be returning to Champaign Unit 4 for the 2024-25 school year.

My time as the Assistant Principal at Brooker T. Washington School was one of the most fulfilling and humbling opportunities I have had in my life, and I will never forget the bonds I created with my students.  That said, administration at Unit 4 has systematically destroyed the relationship that I've had with the children, parents, and other stakeholders at BTW, as shown in part by the following actions over the past year:

- After I objected to a BTW staff member referring to our Black fifth-grade students as "criminals,"  I was given a written warning in June 2023. To my knowledge, the staff member received no discipline for their comments.

- After my spouse spoke out against District administration during the September 2023 School Board Meeting, I was given a 5-day suspension in September 2023 due to a medication incident. I believe this

suspension was done in retaliation for my spouse's protected speech.

- I filed a Charge of Discrimination with the Illinois Department of Human Rights on March 11, 2024 regarding the incidents above. On March 13, 2024, I attended a meeting with the District where I was told that I would be transferred to another school within Unit 4. During this meeting, Dr. Boozer told me that there was "an issue with [my] wife" which had started "when [my] wife came over [to BTW]." Dr. Boozer also stated that she was "not sure" whether I would have a position as an assistant principal with the District the following school year. When my attorney's letter to Dr. Boozer was reported in the media factually reporting the meeting, administration publicly stated they "vehemently denied the allegations made by Mr. Langacker."  My request to have someone attend this meeting with me was denied.

- While I was presumably transferred to Kenwood in March of 2024, at no time did the School Board formally approve my transfer for the remainder of the school year, in violation of District protocol. I wasn't even allowed to retrieve my belongings from BTW, or formally say goodbye to students and staff.

- Since March the District has, inexplicably, requested that I have a second meeting with Dr. Boozer to "finalize messaging" regarding my transfer, and continued to deny my request to have someone else attend the meeting with me.

- My spouse, Diana Kistler, has also continued to be retaliated against due to her relationship with me as well as the statements she made during the September School Board Meeting regarding the District's response to gun violence.

- The 2024-2025 school year will be starting on August 12, and the District has not given me any indication as to where I will be placed this upcoming year. Ken has stated that this information would only be shared with me after having a personal meeting with Dr. Boozer, again, without allowing anyone on my behalf to attend.

The District's actions have made my continued employment at Unit 4 untenable, my work environment intolerable, and leaves me with no choice but to consider myself constructively discharged from my employment with Champaign Unit 4 School District effective immediately.


--
Rebecca Ramey
*Assistant Principal*
*Booker T. Washington STEM Academy*
*606 E Grove St. Champaign, IL 61821*
*217-351-3901*



"FIGHT
FOR THE THINGS
THAT YOU CARE ABOUT,
BUT DO IT IN A WAY
THAT WILL LEAD OTHERS
TO JOIN YOU."

*Ruth Bader Ginsburg*

--
Rebecca Ramey
*Assistant Principal*
*Booker T. Washington STEM Academy*
*606 E Grove St. Champaign, IL 61821*
*217-351-3901*



"FIGHT
FOR THE THINGS
THAT YOU CARE ABOUT,
BUT DO IT IN A WAY
THAT WILL LEAD OTHERS
TO JOIN YOU."

*Ruth Bader Ginsburg*